1  MICHAEL R. LINDSAY (State Bar No. 110845)
   mlindsay@nixonpeabody.com
2  ERIN HOLYOKE (State Bar No. 288137)
3  eholyoke@nixonpeabody.com
   NIXON PEABODY LLP
4  300 S. Grand Ave., Suite 4100
5  Los Angeles, CA 90071
   Telephone:   (213) 629-6000
6  Facsimile:   (213) 629-6001
7
8  Attorneys for Defendant
   PAYCHEX NORTH AMERICA INC.
9

10              **UNITED STATES DISTRICT COURT**

11            **EASTERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13 DAVID KASSIS, Individually and on behalf of all others similarly situated, | Case No.: |
| 14 | |
| 15                    Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(d) AND 28 U.S.C. § 1441(b)** |
| 16 vs. | |
| 17 | |
| 18 PAYCHEX NORTH AMERICA, INC., a Delaware limited liability company; and DOES 1 through 25, | [Filed concurrently with Declaration of Joel Daggar, Notice of Related Cases, Notice of Interested Parties, and Civil Cover Sheet] |
| 19 | |
| 20 | |
| 21                    Defendants. | |

22

23      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

24  **THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF DAVID**

25  **KASSIS AND HIS ATTORNEYS OF RECORD:**

26      **PLEASE TAKE NOTICE** defendant Paychex North America Inc. (herein

27  also "Defendant" or "Paychex") files this Notice of Removal.  The above-entitled case

28  is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C.

-1-

§ 1332(d) and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441.  In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

1.    On or about December 9, 2019, Plaintiff David Kassis ("Plaintiff") commenced the aforementioned action against Defendant by filing a Class Action Complaint in the Superior Court of the State of California, County of Sacramento, entitled *David Kassis v. Paychex North America, Inc.*, Case No. 34-2019-00270896 (hereinafter the "State Court Action").

2.    True and correct copies of Plaintiff's Summons and Class Action Complaint ("Complaint"), along with the papers which accompanied the Complaint, are attached as Exhibit A hereto.

3.    Defendant received the Summons and Complaint by personal service on its agent for service of process on January 21, 2020.

4.    On February 19, 2020, Defendant filed in the State Court its Answer to the Complaint, as required by the California Code of Civil Procedure.  A true and correct copy of the Answer is attached hereto as Exhibit B and is incorporated herein by this reference as if set forth in full.

5.    Defendant has not filed, served or received any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A and B.

6.    This Notice is timely filed in that it is filed within thirty days of initial service of the Summons and Complaint on Defendant.

7.    Defendant will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of Sacramento, as further required by that statute.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Citizenship of Parties**

8.     Plaintiff is, and was at the time this lawsuit was commenced, a citizen of the State of California.  (*See* Declaration of Joel Daggar ["Daggar Decl."] at ¶ 4, which is attached hereto as Exhibit C.)

8.     Defendant is, and was at the time this lawsuit was commenced, a Delaware corporation (state of incorporation) with its corporate headquarters (*i.e.*, its principal place of business) in the State of New York.  (Daggar Decl., ¶ 3.)

9.     In light of the foregoing, Defendant was not and is not a citizen of the State of California, and Plaintiff, the sole class representative, was not and is not a citizen of Delaware or New York.  Therefore, Plaintiff is a "citizen of a State different from" Defendant under 28 U.S.C. § 1332(d); *see also*, *Hertz Corp. v. Friend,* 130 S. Ct. 1181 (2010).

**Removal Under Class Action Fairness Act**

10     This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), *et seq*.  The CAFA provides that the district courts "shall have original jurisdiction" over "a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  The Class Action Complaint states that the nature of the action is a class action brought by Plaintiff Kassis.  (Ex. A, Compl. *passim*.)  As noted above, Plaintiff Kassis is a citizen of the State of California.

11.     Also as set forth above, Defendant is a Delaware corporation with its corporate headquarters and principal places of business in the State of New York. Defendant was not and is not a citizen of the State of California.  Thus, Plaintiff is a "citizen of a State different from" Defendant under the CAFA.  28 U.S.C. § 1332(d)(2)(A).

12.     The CAFA requires that the putative class must have 100 or more class members for the district court to exercise jurisdiction.  28 U.S.C. § 1332(d)(5)(B).

Plaintiff purportedly seeks to represent a class of "[a]ll current and former employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint until final judgment." (Ex. A, Compl. ¶ 7.)

13.   Plaintiff and the class of employees he purports to represent seek civil penalties for erroneous wage statements. (Ex. A, Compl. *passim.*)

14.   There are approximately 2066 employees (inclusive of current and former employees) who have worked for Defendant in California for the four years preceding the filing of the Complaint (December 1, 2015 to present date). (Daggar Decl., ¶ 6.) Thus, there are far more than the minimum 100 putative class members required by the CAFA for federal jurisdiction. 28 U.S.C. § 1332(d)(5)(B).

15.   The CAFA further requires that, for the district court to exercise jurisdiction, the matter in controversy must "excee[d] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). When determining the amount in controversy, "the claims of the class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

16.   Plaintiff, on behalf of the putative classes, alleges he and the class are entitled to recover (1) statutory penalties pursuant to California Labor Code Sections 226(e) and (2) attorneys' fees. (Ex. A, Compl., Prayer for Relief.) Without admitting that any amounts are due or owed, the value of each of these items is to be included in the amount in controversy in the State Court Action under the CAFA. *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008, at *4-5 (C.D. Cal. July 11, 2005) (compensatory damages, punitive damages, attorneys' fees, and injunctive relief); *Berry v. American Express Publ'g Corp.*, 381 F. Supp. 2d 1118, 1123-1124 (C.D.Cal. 2005) (injunctive relief); *Rippee v. Boston Market Corp.*, 2005 U.S. Dist. LEXIS 39478, at *8 (S.D.Cal. Oct. 14, 2005) (Labor Code penalties).

17.    Defendant denies that Plaintiff and the class he purports to represent are entitled to either class certification or any recovery in this action and, by filing this Notice of Removal, Defendant does not waive this denial or any defenses that may otherwise be available to it.    Without waiving this position, and in light of the allegations of Plaintiff's Complaint, Defendant's estimated potential liability easily meets the amount in controversy:

a.    *Wage Statement Penalties*.  Under Section 226(a), an employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000).  Plaintiff claims that the "itemized pay statements issued by Defendants to Plaintiff and the Class were deficient and filed to include information required by Section 226." (Ex. A, Compl. ¶ 19.)  Plaintiff further alleges that "the itemized pay statement Defendants provided to Plaintiff and the rest of the Class failed to show either the last four digits of his social security number or another employee identification number." (Ex. A, Compl. ¶ 20.) Plaintiff and the purported class were paid on a bi-monthly (every two weeks) basis. (Daggar Decl., ¶ 6.) If each wage statement of the purported class was non-complaint, as Plaintiff alleges, penalties would quickly reach the maximum penalty of $4,000.  Reasonably assuming each employee reached this maximum penalty, Defendant's potential liability would be **$8,264,000.00**.  The number is computed by multiplying $4,000 by 2066 alleged class members.

b.    *Attorneys' Fees*.  It is well-established that recoverable attorney's fees should be included for purposes of determining whether CAFA's amount in controversy requirements have been met in a wage-and-hour class actions.  *See Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007); *Dittmar*, 2015 U.S. Dist. LEXIS 154809, at *13; *Fong v. Regis Corp.*, 2014 U.S. Dist.

1   LEXIS 275, at *23 (N.D. Cal. Jan. 2, 2014) ("Courts in this circuit have held that . . .

2   removing defendants can reasonably assume that plaintiffs are entitled to attorney fees

3   valued at approximately twenty-five percent of the projected damages." *See also*

4   *Dittmar*, 2015 U.S. Dist. LEXIS 154809, at *13-14 (citing *Staton v. Boeing Co.*, 327

5   F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund

6   as a benchmark award for attorney fees.")); *Ford*, 2014 U.S. Dist. LEXIS 94059, at

7   *6 (citing *Staton*).  Accordingly, 25 percent of the sum of for the cause of action, or

8   **$2,066,000.00**, must be added to the amount in controversy.

9           c.      The foregoing amount in dispute, which total **$10,325,500.00,**

10  exceeds the $5,000,000 threshold required under the CAFA by a preponderance of

11  the evidence. *Rodriguez v. AT&T Mobility Services LLC,* 2013 Daily Journal D.A.R.

12  11551, 11554 (9th Cir. August 28, 2013) (court expressly rejected and overruled the

13  "legal certainty" standard created in *Lowdermilk v. U.S. Bank Nat. Assoc.*, 479 F.3d

14  994 (9th Cir. 2007) and held that "[a] Defendant seeking removal of a putative class

15  action [pursuant to the CAFA] must demonstrate, by a preponderance of evidence,

16  that the aggregate amount in controversy exceeds the jurisdictional minimum").

17                                  **VENUE**

18          18.     Venue lies in this Court pursuant to 28 U.S.C. § 1441, 1446(a).  This

19  action was originally brought in the Superior Court of the State of California,

20  County of Sacramento, which is located within the Eastern District of California.

21  Therefore, the action is properly removed to this Court because it is in the "district

22  and division embracing the place where such action is pending."  28 U.S.C. §

23  1441(a).

24          19.     While Defendant maintains Plaintiff's claims are without merit and

25  they are not liable to Plaintiff or the purported class in any amount, for all of the

26  foregoing reasons, Defendant respectfully submits that the State Court Action is

27  removable to this Court under 28 U.S.C. § 1332(d) and 1441(b). Accordingly,

28

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

1    Defendant prays that this action stand and remain removed from the Superior Court

2    of the State of California for the County of Sacramento to this Court.

3

4    Dated:  February 20, 2020              NIXON PEABODY LLP

5

6                                          By:___/s/ Erin Holyoke_____

7                                              Michael R. Lindsay

8                                              Erin Holyoke
                                               Attorneys for Defendants
9                                              PAYCHEX NORTH AMERICA INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

# Exhibit "A"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PAYCHEX NORTH AMERICA, INC., a Delaware limited liability company; and Does 1 through 25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID KASSIS, individually and on behalf of all others similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
FILED
Superior Court Of California,
Sacramento
12/09/2019
rgomez5
By_____, Deputy
Case Number:
34-2019-00270856

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Sacramento County Superior Court<br>720 9th Street, Sacramento, CA 95814<br>Gordon D. Schaber Courthouse | CASE NUMBER: *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

John E. Lattin, Esq; OSTERGAR LAW GROUP P.C., 9110 Irvine Center Drive Irvine, CA 92618; (949) 357-2544

| DATE:<br>*(Fecha)* DEC 0 9 2019 | Clerk, by<br>*(Secretario)* R. GOMEZ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Paychex North America, Inc., a Delaware limited liability company

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
            ☒ other *(specify):* Corp. Code §17061 (LLC)

4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Page 1 of 1

1   Jonathan M. Lebe (State Bar No. 284605)
    Jon@lebelaw.com
2   **Lebe Law, APLC**
    777 S. Alameda Street, Second Floor
3   Los Angeles, CA 90021
    Telephone: (213) 358-7046
4   Facsimile: (310) 820-1258

5   John E. Lattin (State Bar No. 167876)
    jlattin@ostergar.com
6   **Ostergar Law Group, P.C.**
    9110 Irvine Center Drive
7   Irvine, CA 92618
    Telephone: (949) 357-2544
8   Facsimile: (949) 305-4591

9   Attorneys for DAVID KASSIS,
    Individually and on behalf of all others similarly situated
10

FILED
Superior Court Of California,
Sacramento
12/09/2019
rgomez5
By _____ , Deputy
Case Number:
34-2019-00270896

11           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12               **FOR THE COUNTY OF SACRAMENTO**

13

14   DAVID KASSIS, Individually and on behalf of
     all others similarly situated,
15

16                Plaintiff,
17        vs.
18   PAYCHEX NORTH AMERICA, INC., a
     Delaware limited liability company; and Does 1
19   through 25,
20                Defendants.
21

22   ///
23   ///
24   ///
25   ///
26
27
28

Case No.:

**CLASS ACTION COMPLAINT FOR:**

1.  **Violation of Labor Code §226 (Itemized Pay Statements)**

**Jury Trial Demanded**        BY FAX

-1-
CLASS ACTION COMPLAINT

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff David Kassis was employed by Defendants as an outside salesperson or similar position from approximately May 14, 2018 until December 10, 2018.

2.    Defendant Paychex North America, Inc. ("Paychex") is a limited liability company organized under the laws of the state of Delaware.  Paychex is headquartered in Rochester, New York.

3.    Plaintiff does not know the true names or capacities of the Defendants sued herein as Does 1 through 25, inclusive, and, for that reason, said Defendants are sued under such fictitious names.  Plaintiff is informed and believe, and based thereon, allege that each of said fictitious Defendants are and were responsible in some manner for the injuries complained of herein. Plaintiff will amend this Complaint to identify such fictitiously-named Defendants pursuant to Code of Civil Procedure section 474 once their identities become known.

4.    The relief sought by Plaintiff on behalf of himself and the Class defined below exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.  The Court has personal jurisdiction over each of the parties because they are either citizens of this State, doing business in this State or otherwise have minimum contacts with this State.  The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

5.    Venue is proper in this County because Plaintiff worked for Paychex in this County, and as a result, this dispute arose in this County.

6.    Plaintiff is informed and believes and, based thereon, allege that Defendants were at all times relevant hereto members of, and engaged in, a joint venture, partnership, association or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, association or common enterprise.  Furthermore, Plaintiff is informed and believe and, based thereon, allege that at all times relevant hereto Defendants conspired together in, aided and abetted, contributed to, and/or acted as agents or employees of each other with respect to,

1 | the commission of the acts complained of herein. Defendants are therefore jointly and severally
2 | liable for the injuries complained of herein.

3 | <center>**CLASS ALLEGATIONS**</center>

4 | 7.   Plaintiff brings this action pursuant to California Code of Civil Procedure Section 382
5 | on behalf of himself and the Class described below. The Class is comprised of and defined as:

6 | All current and former employees who worked for any of the
7 | Defendants within the State of California at any time during the
8 | period from four years preceding the filing of this Compliant until
9 | final judgment.

10 | 8.   Plaintiff reserves the right to establish subclasses as appropriate.

11 | 9.   There exists a well-defined community of interest among the Class, and the Class is
12 | readily ascertainable.

13 | 10.  The members of the Class are so numerous that joinder of all members in a single
14 | action would not be feasible or practical, and the amount of individual damages is not large enough
15 | to make individual lawsuits by each class member practical or feasible. Plaintiff is informed and
16 | believes and based upon such information and belief alleges that there are in excess of 50 members
17 | of the Class.

18 | 11.  Plaintiff's claims are typical of the claims of the rest of the Class, and Plaintiff will
19 | fairly and adequately represent the interests of the Class.

20 | 12.  Common issues of fact and/or law predominate in this action over any allegedly
21 | individual issues. Specifically, the following common questions of fact or law predominate and
22 | make this action superior to individual actions:

23 | (i)   whether Plaintiff and the rest of the Class are entitled to recover damages,
24 | penalties and other relief on the grounds that Defendants have used uniform policies and
25 | procedures that have consistently violated California labor laws and regulations and caused
26 | Plaintiff and the rest of the Class to suffer the same or similar injuries;

27 | ///
28 | ///

<center>-3-</center>
<center>CLASS ACTION COMPLAINT</center>

1        (ii)  whether Defendant violated California Labor Code Section 226 by failing to

2  include the last four digits of his or her social security number or an employee identification

3  number other than the social security number;

4        (iii)  whether Defendants failed to indemnify the Class for all of the necessary

5  expenditures or losses incurred in direct consequence of the discharge of their duties, or of their

6  obedience to the directions of their employer, in violation of Labor Code Section 2802; and

7        (iv)  whether Defendants' practices constitute unfair, fraudulent, or illegal business

8  practices under Business and Professions Code Sections 17200 *et seq*.

9      13.  California labor laws under which Plaintiff asserts the following causes of action on

10  behalf of himself and the rest of the Class are broadly remedial in nature. These labor laws serve

11  an important public interest in establishing minimum working conditions and standards in

12  California. They furthermore protect employees from exploitation by employers who may seek to

13  take advantage of their superior economic and bargaining power in setting onerous terms and

14  conditions of employment. The class action mechanism is a particularly efficient and appropriate

15  procedure to redress the injuries alleged herein. If each employee in the Class was required to file

16  an individual action, Defendants would be able to use their superior financial and legal resources to

17  gain an unfair advantage over each individual class member. Moreover, requiring each class

18  member to pursue an individual action would also discourage the assertion of meritorious causes of

19  action by employees who would likely be disinclined to file such individual actions due to a

20  justifiable fear of retaliation and damage to their careers at subsequent employment.

21      14.  In addition, even if feasible, individual actions by each Class member would create a

22  substantial risk (i) of inconsistent or varying adjudications with respect to the claims of each Class

23  member against Defendants, that in turn could establish potentially incompatible standards of

24  conduct for Defendants, and/or (ii) of adjudications with respect to individual Class members that

25  would, as a practical matter, be dispositive of the interests of the other Class members.

26  Furthermore, the claims of each individual Class member are not sufficiently large enough to make

27  it economically feasible to bring each Class member's claims on an individual basis.

28  ///

**GENERAL ALLEGATIONS**

15.  Plaintiff is informed and believe and, based thereon, alleges that during the Class Period, Plaintiff was employed by Defendants as an outside salesperson or similar position.

16.  Defendants failed to provide Class members itemized wage statements in compliance with Labor Code Section 226.

17.  On information and belief, Plaintiff alleges that Defendants applied the same policies described above to all other members of the proposed Class. As alleged below, these uniform policies, practices and procedures violated California's labor laws and constituted unfair, fraudulent or illegal business practices under Business & Professions Code Sections 17200 *et seq.*

**FIRST CAUSE OF ACTION**

**FOR VIOLATION OF LABOR CODE SECTIONS 226**

**AGAINST ALL DEFENDANTS**

18.  Plaintiff re-alleges and incorporate herein by this reference each of the allegations set forth above.

19.  During the Class period, Labor Code Sections 226 applied to Defendants' employment of Plaintiff and the rest of the Class.  At all times relevant hereto, Labor Code Section 226 provided that an employer, such as Defendants, must provide complete and accurate itemized wage statements.   The itemized pay statements issued by Defendants to Plaintiff and the Class were deficient and failed to include information required by Section 226.

20.  Section 226(a)(7) requires an itemized pay statement to show in writing "the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number."  The itemized pay statement Defendants provided to Plaintiff and the rest of the Class failed to show either the last four digits of his social security number or another employee identification number.

21.  In addition, the itemized pay statements issued by Defendants to Plaintiff and the rest of the Class were confusing and difficult to understand.  Section 226(a)(8) requires an employer to include an accurate itemized statement in writing showing the name and address of the legal entity that is the employer.  On Defendants' itemized pay statement, Defendants have included two legal

1  entities—Paychex, Inc., 911 Panorama Trial S, Rochester, NY 14625; and Paychex North America,

2  Inc., 50 Iron Point Circle, Suite 200, Folsom, CA, 95630.. Thus, it is difficult for an employee to

3  ascertain the identify of his/her legal employer.

4      22. Defendant's failure to provide Plaintiff with accurate and complete wage statements

5  was knowing and intentional.  Defendant had the ability to provide Plaintiff with accurate and

6  complete wage statements.  Defendants knowingly and intentionally adopted policies/practices that

7  deprived Plaintiff of wages and information legally required to be on wage statements.

8      23. As a result, Plaintiff has suffered injury in that the wage statements are inaccurate and

9  incomplete, and Plaintiff could not promptly and easily determine from the wage statement whether

10 he was paid correctly and lawfully.

11     24. Plaintiff is entitled to recover penalties pursuant to Labor Code § 226(e).

12     25. Plaintiffs is entitled to injunctive relief pursuant to Labor Code § 226(g) to ensure

13 Defendant's compliance with section 226(a).

14     26. Pursuant to Labor Code §§ 226(e) and (g), Plaintiff is entitled to recover the full

15 amount of penalties due under section 226(e), as well as reasonable attorneys' fees and costs.

16                              **PRAYER**

17     WHEREFORE, Plaintiff prays for judgment on behalf of themselves and the rest of the

18 Class against all Defendants, as follows:

19     1.    For statutory penalties pursuant to Labor Code Section 226(e);

20     2.    For prejudgment interest; and

21     3.    For reasonable attorneys' fees and costs;

22     4.    For certification of the action as a class action;

23     5.    For attorneys' fees and costs pursuant to Civil Procedure Section 1021.5, the

24 "common fund" theory, the "substantial benefit" theory and/or any other applicable theory or

25 doctrine; and,

26 / / /

27 / / /

28 / / /

CLASS ACTION COMPLAINT

6.    For such further relief as the Court may deem appropriate.

DATED: December 6, 2019                    **Lebe Law, APLC**

By:_____
    Jonathan M. Lebe

DATED: December 6, 2019                    **Ostergar Law Group, P.C.**

By:_____
    John E. Lattin

Attorneys for Plaintiff David Kassis,
Individually and on behalf of all others
similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

DATED: December 6, 2019                    **Lebe Law, APLC**

By:_____
    Jonathan M. Lebe

Attorneys for Plaintiff David Kassis,
Individually and on behalf of all others
similarly situated

DATED: December 6, 2019                    **Ostergar Law Group, P.C.**

By:_____
    John E. Lattin

-7-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
John E. Lattin (SBN 167876)
OSTERGAR LAW GROUP P.C.
9110 Irvine Center Drive
Irvine, CA 92618
TELEPHONE NO.: (949) 357-2544     FAX NO.: (949) 305-4591
ATTORNEY FOR (Name): Plaintiff, DAVID KASSIS, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SACRAMENTO**
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Sacramento, 95814
BRANCH NAME: Gordon D. Schaber Courthouse

FOR COURT USE ONLY

**FILED**
Superior Court Of California,
Sacramento

12/09/2019

rgomez5

By _____ , Deputy

Case Number:

**34-2019-00270896**

CASE NAME:
David Kassis, et al. v. Paychex North America, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | 34-2019-00270896 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): One (1)
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

BY FAX

Date: 12/6/19

John E. Lattin, Esq.
(TYPE OR PRINT NAME)                    ▶ _John Lattin_
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; |
|---|---|---|
| Judicial Council of California CM-010 [Rev. July 1, 2007] | | Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
### 916-874-5522
### WWW.SACCOURT.CA.GOV

# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

### What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

### What are the advantages of using ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration and Mediation

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation**.

All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation**. Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation**. Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

### UNLIMITED CIVIL CASES

- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement*.

### LIMITED CIVIL CASES

- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



Superior Court of California, County of Sacramento

Case Management

**Arbitration**
*UNLIMITED CIVIL CASES*
- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:
- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**
For additional information regarding the Court's ADR program, please go to the Court's website.
http://www.saccourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
### 720 Ninth Street
### Sacramento, CA 95814-1380
### (916) 874-5522—Website www.saccourt.ca.gov

## Program Case Notice
### Unlimited Civil Case

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b), (c) and (d) and Local Rule 2.46(B), (E) and (F).

| Action | Requirement |
|---|---|
| Service of Summons | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint.<br><br>When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint.<br><br>A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| Statement of Damages | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| Responsive Pleadings | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default.<br><br>Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.<br><br>No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| Judgment by Default | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| Case Management Statement | The court will provide a notice of case management conference on the filing parties at the time that the case is filed with the court. A case management statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| Mediation Statement | The Mediation Statement shall be filed concurrently with the Case Management Statement, unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference, as required by Local Rule 2.51(E). |
| Meet and Confer | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| Case Management Conference | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause. Please refer to Local Rules Chapter Two – Part 4 for more information.

## NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.                    FAX NO. (*Optional*)<br>EMAIL ADDRESS (*Optional*)<br>ATTORNEY FOR (*NAME*): | |
| **Superior Court of California, County of Sacramento**<br>720 Ninth Street, Room 101<br>Sacramento, CA 95814-1380<br>(916) 874-5522—Website www.saccourt.ca.gov | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE MANAGEMENT CONFERENCE DATE: |
| **STIPULATION AND ORDER TO MEDIATION – UNLIMITED CIVIL** | CASE NUMBER:<br><br>ASSIGNED DEPT.: |

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following mediation process:

**Type of Mediation (select one):**

☐ 1. **Court Mediation.** *Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐ 2. **Court Mediation in lieu of previously ordered Arbitration.** *Mediator's on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐ 3. **Private Mediation.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

☐ 4. **Private Mediation in lieu of previously ordered Arbitration.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

**Neutral**

Court Neutral Selected:                    Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:          Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:          Name_____
(If type of Mediation selected above is option 1 or 2)

Private Neutral Selected:                  Name_____
(If type of Mediation selected above is option 3 or 4)

**Other Stipulations**

☐ Discovery to remain open 30 days prior to trial.

Additional Stipulations: _____

Stipulation and Order to Mediation – Unlimited Civil

## STIPULATION AND ORDER TO MEDIATION – UNLIMITED CIVIL

PLAINTIFF/PETITIONER: _____    CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address _____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address _____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address _____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

☐ Additional Signature Page(s) Attached

### ORDER

**The foregoing stipulation having been read and considered, and good cause appearing, now therefore:**

☐ Stipulation and Order to Mediation deferred to Case Management Conference.

☐ The Court orders the parties to enter mediation as stipulated above, pursuant to Chapter Two – Part 5 of the Local Rules.

☐ Previously scheduled Case Management Conference is vacated.

☐ Previous order to Arbitration is vacated and appointment of Arbitrator rescinded.

☐ The case is ordered to the Trial-Setting Process. The Trial and Settlement Conference dates shall be selected no later than _____.

☐ Trial-Setting Conference is vacated.

☐ Time to Select Trial date and Mandatory Settlement Conference date is extended to _____.

☐ Mediation Status Conference set for: _____  _____  _____
                                              Date                Time              Department

☐ Stipulation and Order to Mediation denied.

☐ It is further ordered that: _____
_____

Dated: _____    Signed: _____
                                         **Judge of the Superior Court**

## STIPULATION AND ORDER TO MEDIATION

### *(Additional Signature Page)*

PLAINTIFF/PETITIONER: _____    CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

_____  _____  _____
Name of Party Stipulating         Name of Party or Attorney Executing Stipulation         Signature of Party or Attorney
                                  Bar # _____
                                  Address_____
                                  _____

☐ Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant  Dated: _____

_____  _____  _____
Name of Party Stipulating         Name of Party or Attorney Executing Stipulation         Signature of Party or Attorney
                                  Bar # _____
                                  Address_____
                                  _____

☐ Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant  Dated: _____

_____  _____  _____
Name of Party Stipulating         Name of Party or Attorney Executing Stipulation         Signature of Party or Attorney
                                  Bar # _____
                                  Address_____
                                  _____

☐ Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant  Dated: _____

_____  _____  _____
Name of Party Stipulating         Name of Party or Attorney Executing Stipulation         Signature of Party or Attorney
                                  Bar # _____
                                  Address_____
                                  _____

☐ Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant  Dated: _____

_____  _____  _____
Name of Party Stipulating         Name of Party or Attorney Executing Stipulation         Signature of Party or Attorney
                                  Bar # _____
                                  Address_____
                                  _____

☐ Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant  Dated: _____

# Exhibit "B"

FILED BY FAX

1  MICHAEL R. LINDSAY (State Bar No. 110845)
   mlindsay@nixonpeabody.com
2  ERIN HOLYOKE (State Bar No. 288137)
   eholyoke@nixonpeabody.com
3  NIXON PEABODY LLP
4  300 S. Grand Ave., Suite 4100
   Los Angeles, CA 90071
5  Telephone:    (213) 629-6000
   Facsimile:    (213) 629-6001
6
7  Attorneys for Defendant
   PAYCHEX NORTH AMERICA INC.
8

9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| DAVID KASSIS, Individually and on behalf of all others similarly situated, | Case No. 34-2019-00270896 |
| Plaintiff, | **DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT** |
| vs. | |
| PAYCHEX NORTH AMERICA, INC., a Delaware limited liability company; and DOES 1 through 25, | |
| Defendants. | |

        Defendant Paychex North America Inc. ("Paychex" or "Defendant") hereby answers the unverified Complaint of David Kassis ("Plaintiff") as follows.  As used herein, the term "Plaintiff" means plaintiff David Kassis and also means and includes all other persons identified as similarly situated on whose behalf Plaintiff purportedly filed the Complaint.

## GENERAL DENIAL

        Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every allegation of the Complaint, and further denies that Plaintiff, or any current or former employee on whose behalf he purports to bring this action, have been damaged, sustained any damages, suffered any violation of the Labor Code as alleged, or are entitled to recover

1

4812 9196 6388.1

any civil penalties, statutory penalties, attorney's fees, costs, or any form of legal or equitable relief in any amount, as a result of the conduct alleged.

## AFFIRMATIVE DEFENSES

Defendant asserts the affirmative defenses set forth herein. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff. Based upon the ambiguity and uncertainty of the Complaint, Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available. Defendant reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may or will be available following clarification of Plaintiff's Complaint through discovery, or through further analysis of Plaintiff's claims in this litigation.

### FIRST DEFENSE

#### (Failure to State a Cause of Action)

The Complaint, and each purported cause of action alleged therein, fails to state a claim or claims upon which relief may be granted against Defendant and fails to allege facts sufficient to constitute a cause of action against Defendant.

### SECOND DEFENSE

#### (Laches)

Defendant is informed and believes, and on that basis allege that Plaintiff's cause of action is barred, in whole or in part, due to Plaintiff's unreasonable delay in notifying Defendant of the alleged actionable wrongs, which delay has resulted in prejudice to Defendant.

### THIRD DEFENSE

#### (Statute of Limitations)

The cause of action asserted in the Complaint is barred, in whole or in part, by the applicable statutes of limitations, including without limitation those set forth in California Code of Civil Procedure § 340 and California Labor Code § 2699, *et seq.*

---

2

**DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT**

**FOURTH DEFENSE**

**(No Standing)**

Defendant is informed and believes, and on that basis allege, that Plaintiff lacks standing to sue on behalf of himself or others similarly situated, with respect to the cause of action in the Complaint or the requested relief.

**FIFTH DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

To the extent that Plaintiff failed to properly invoke and/or exhaust administrative remedies, the purported cause of action may be barred.

**SIXTH DEFENSE**

**(Fifth and Fourteenth Amendments)**

The claims of Plaintiff and the similarly situated employees for penalties are barred and/or limited by the Fifth and Fourteenth Amendments to the United States Constitution and by the California Constitution, which guarantees Defendant the right to substantive and procedural due process of law.

**SEVENTH DEFENSE**

**(Lack of Willfulness)**

Any failure to provide itemized wage statements in accordance with Labor Code section 226 (which Defendant denies occurred) was not a knowing or intentional violation, and thus no penalty may be imposed.

**EIGHTH DEFENSE**

**(Multiple Recovery)**

Plaintiff's claims are barred to the extent that Plaintiff seeks a multiple recovery, as he is doing through his separate PAGA claim, for the same alleged wrong or wrongs.

**NINTH DEFENSE**

**(Failure to Meet Requirements for Class Action)**

Defendant is informed and believes, and based thereupon alleges, that Plaintiff's claims will not support class treatment because: they do not raise questions of law or fact that predominate over

3

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

4812-9196-6388.1

1  individual legal or factual issues; they are not typical of the claims of the putative class; Plaintiff is

2  not an adequate or proper representative of the putative class; and/or the action fails to satisfy the

3  legal standards for a class action.

4  ### **TENTH DEFENSE**

5  ### **(Substantial Compliance)**

6  Defendant is informed and believes, and based thereupon alleges, that Plaintiffs' cause of

7  action and claim for damages and/or penalties are barred, or any such award of damages or penalties

8  must be reduced, because Defendant substantially complied with the applicable requirements of the

9  California Labor Code and applicable Industrial Welfare Commission Wage Orders.

10  ### **ELEVENTH DEFENSE**

11  ### **(Lack of Jurisdiction)**

12  Defendant is informed and believes, and based thereupon alleges, that Plaintiff's cause of

13  action and claim for damages and/or penalties are barred because Plaintiff and all or some of the

14  putative class members signed arbitration agreements in which they agreed to arbitrate all disputes

15  with Defendant and are thereby precluded from filing or participating in any civil action against

16  Defendant.

17  //

18  //

19

20

21

22

23

24

25

26

27

28

WHEREFORE, Defendant, having answered fully prays for judgment as follows:

1. That the Complaint be dismissed with prejudice and in its entirety, and that Plaintiff and the other purported aggrieved employees take nothing thereby;

2. That Defendant be awarded its costs of suit, including reasonable attorneys' fees, the extent authorized by law; and

3. That Defendant be awarded such other and further relief as the Court deems just and proper.


DATED:  February 19, 2020                    NIXON PEABODY LLP


                                             By: _____
                                                 Michael R. Lindsay
                                                 Erin Holyoke
                                                 Attorneys for Defendant
                                                 PAYCHEX NORTH AMERICA INC.

**DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT**

4812-9196-6388.1

**PROOF OF SERVICE**

**CASE NAME:** **Kassis, et al. vs. Paychex North America, Inc.**
**COURT:**         **Sacramento County Superior Court**
**CASE NO.:**      34-2019-00270896
**NP FILE:**        **021104-002016 (Class Action)**

   I, the undersigned, certify that I am employed in the City and County of Los Angeles, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is 300 S. Grand Ave, 41st Floor, Los Angeles, CA 90071. On February 19, 2020, I served the following document(s):

**DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

 _X_ : _By First-Class Mail_ — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Los Angeles, California, for mailing to the office of the addressee following ordinary business practices.

 ___:  _By Overnight Courier_ — I caused each such envelope to be given to an overnight mail service at Los Angeles, California, to be hand delivered to the office of the addressee on the next business day.

 ___:By Email or Electronic Transmission— I caused a copy of the documents to be sent from email address mdelgadillo@nixonpeabody.com to the person at the email address listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

on the parties stated below:

| | |
|---|---|
| John E. Lattin<br>Ostergar Law Group, PC<br>9110 Irvine Center Drive<br>Irvine, CA 92618 | *Attorney for Plaintiff*<br><br>Tel: 949-357-2544 |

   I declare under penalty of perjury that the foregoing is true and correct. Executed on February 19, 2020 at Los Angeles, California.

_____
Mayra Delgadillo

4835-8499-0645.1

**Delgadillo, Mayra**

| | |
|---|---|
| **From:** | POD@acelegal.com |
| **Sent:** | Wednesday, February 19, 2020 4:33 PM |
| **To:** | Delgadillo, Mayra |
| **Subject:** | Delivery Confirmation for Control# 1830508 Ref# 0211104-2016 E HOLYOKE |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

[EXTERNAL E-MAIL]


ACE ATTORNEY SERVICE
ATTN:MAYRA DELGADILLO
CTRL: 1830508

ORDER DATE: 2/19/20
SERVICE TYPE:PDF FLR

CUST:10808 NIXON PEABODY LLP ATTORNEYS AT LAW    REF:0211104-2016 E HOLYOKE

PU:NIXON PEABODY LLP ATTORNEYS AT LAW
  300 SOUTH GRAND AVENUE
  LOS ANGELES          DTLA 1


DL:SACRAMENTO SUPERIOR COURT
  720 NINTH STREET
  SACRAMENTO          SACRAM


DEL DATE: 2/19/20
TIME:1552
SIGN:DROPBOX/PENDING

CASE NUMBER:34-2019-00270896
CASE NAME:KASSIS V PAYCHEX
DOCUMENTS:ANS TO CLASS ACTION
COMP